# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *

DOUG and RHONDA PALUCK, as parents     \*
and natural guardians, on behalf of their     \*     No. 07-889V
minor son, KARL PALUCK,     \*     Special Master Christian J. Moran
    \*
           Petitioners,     \*     Filed: October 23, 2012
    \*
v.     \*     Interim attorneys' fees and costs;
    \*     award in the amount to which
SECRETARY OF HEALTH     \*     respondent does not object
    \*
           Respondent.     \*

* * * * * * * * * * * * * * * * * * * * * * * * *

### UNPUBLISHED DECISION AWARDING INTERIM FEES AND COSTS [1]

Sheila A. Bjorklund, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioners;
Chrysovalantis P. Kefalas, U.S. Department of Justice, Washington, D.C., for Respondent.

Petitioners Doug and Rhonda Paluck, as parents and natural guardians of their son, Karl Paluck ("Karl"), filed a second application for interim attorneys' fees and costs on October 8, 2012. On October 22, 2012, after informal discussions, the parties filed a Stipulation of Fact Concerning Petitioners' Second Motion for Interim Attorneys' Fees and Costs ("Stipulation"). The Court awards the amount to which respondent does not object.

Petitioners submitted their first application for interim fees and costs on October 19, 2010. A decision awarding petitioners $142,628.00 in interim attorneys' fees and costs issued on March 30, 2011.

In their second application for interim fees and costs, petitioners sought $119,671.12. Second Int. Fees App., filed Oct. 8, 2012. Petitioners argued that given the procedural history of this case "[a]ll of the factors embraced in Avera for interim fee and cost petitions exist." Id. Specifically, petitioners note that the decision denying entitlement was appealed to the Court of

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Federal Claims and remanded to the undersigned on April 18, 2012 for further proceedings, which "do not appear poised for conclusion in the near future." Id.

After informal discussions, petitioners filed the Stipulation reducing the requested award to a total of **$107,703.90** in interim attorneys' fees and costs, an amount to which respondent does not object.[2]  In compliance with General Order No. 9, petitioners' counsel represents that petitioners have incurred no additional litigation expenses.

After reviewing the request, the court finds it is reasonable and awards a check made payable to petitioners and petitioners' attorney in the amount of **$107,703.90** for attorneys' fees and other litigation costs.  The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

S/ Christian J. Moran

Christian J. Moran
Special Master

---

[2]     Respondent maintains that the Vaccine Act does not authorize the interim attorneys' fees and costs requested by petitioners.  "Nevertheless, respondent is cognizant that the Special Master has previously rejected in this case respondent's position with respect Section 15(e)(1), citing Avera v. HHS, 515 F.3d 1343 (Fed. Cir. 2008), and Shaw v. HHS, 609 F.3d 1372 (Fed. Cir. 2010)."  Stipulation at 1 n.1 (citing Paluck v. HHS, 07-889, slip op. at 4-5 (Fed. Cl. Spec. Mstr. Mar. 30, 2011)).  In light of this earlier decision, respondent has "elect[ed] not to raise her statutory objection at this time in response to this particular request."  Id.

[3]     Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.